parties, and for which he seeks to recover, as is alleged, of this defendant, was to be performed at Antwerp, Belgium, by a delivery there, and, if that be the case, then there was no transfer of ownership by the plaintiff of the ore in question. Under the third ground of objection, within the rule laid down in Gilbert v. Railroad Co., 4 Hun, 378, and McDonald v. Hewett, 15 Johns. 347, 8 Am. Dec. 241, the whole case having been submitted to the jury without objection, the defendant should be held to the consequences and not now be heard to complain of the result of their deliberations. We have examined the whole case with considerable care, and find nothing therein which calls for an interference with the result obtained in the trial court. Judgment and order appealed from must be affirmed, with costs. Judgment and order affirmed, with costs.

O'DWYER, J., concurs.

JAEGER v. KOENIG. (Supreme Court, Appellate Division, First Department. October 18, 1901.) Action by Marie L. Jaeger against John H. Koenig. No opinion. The stipulation must be recited in order.

JOHN KRODER & HENRY REUBEL CO., Appellant, v. FOERY et al., Respondents. (Supreme Court, Appellate Term. June, 1901.) Action by the John Kroder & Henry Reubel Company against Martin Foery and others. T. Prince, for appellant. S. Feuchtwanger, for respondents.

PER CURIAM. The testimony plainly shows a renting by plaintiff to defendants of the store for one year to January 1, 1901. The defendants vacated the premises some three months before their term expired, for purposes of their own, and have not paid the rental due, amounting to $120. The plaintiff was entitled to a judgment for that amount. We can imagine no reason for a dismissal of the complaint. Judgment reversed, and new trial ordered, with costs to abide the event.

JOHNSON, Appellant, v. MASON, Respondent. (Supreme Court, Appellate Division, Second Department. October 24, 1901.) Action by Christian F. Johnson against Cassity E. Mason. No opinion. Judgment and order unanimously affirmed, with costs.

JONES v. NIAGARA JUNCTION RY. CO. (Supreme Court, Appellate Division, Fourth Department. October 1, 1901.) Action by William H. Jones against the Niagara Junction Railway Company. No opinion. Motion for reargument denied, with $10 costs. Motion for leave to appeal to the court of appeals denied.

JONES, Respondent, v. THIRD AVE. R. CO., Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by David T. Jones against the Third Avenue Railroad Company. Hoadly, Lauterbach & Johnson, for appellant. L. G. Spalding, for respondent. No opinion. Judgment affirmed, with costs.

JOYCE, Appellant, v. JOYCE et ux., Respondents. (Supreme Court, Appellate Division, Fourth Department. November 12, 1901.) Action by Luke H. Joyce against Henry D. Joyce and wife, commenced on the 22d day of September, 1900, to recover from the defendant Henry D. Joyce the sum of $1,000, with interest from April 4, 1900, and to have said sum declared a lien upon a certain house and lot situate in the city of Buffalo, N. Y., described in the complaint, the premises sold, and out of the proceeds that there be paid to the plaintiff said sum and the expenses of sale, together with the costs of this action; it being alleged that said sum was wrongfully obtained from the plaintiff by said defendant on or about said 4th day of April, 1900, and was expended in payment for said house and lot, which he purchased, the deed of which was taken in his name. The defendant by his answer admits receiving said sum of money from the plaintiff, and that he applied the same in payment of the purchase price of said premises, but denies that he obtained it wrongfully, and alleges that it was a gift to him by the plaintiff, who is his father, in consideration of love and affection, and that it became his money and property, and that he had the right to expend it in the purchase of said house and lot in the manner in which he did. The defendant Catherine Joyce is the wife of Henry D. Joyce, and is made a party defendant only for the purpose of foreclosing her dower right in the premises. The learned trial court found the facts substantially as alleged by the defendant, and the only question presented by this appeal of plaintiff is whether or not the proof justifies such decision. Arthur D. Hickman, for appellant. Adolph Rebadow, for respondents.

PER CURIAM. Judgment affirmed.

McLENNAN, J. (dissenting). At the time the transaction which is the subject of this controversy took place the plaintiff was 68 years of age. He had been a member of the police force of the city of Buffalo for 16 years, and until about 5 years before the time in question, when he was retired upon a pension of $33.33 a month on account of ill health, since which time he has not been engaged in any business or occupation. His entire property consisted of $2,000 in money, which was on deposit in the Erie County Savings Bank, and some vacant lots in the city of Buffalo worth comparatively little; their exact value not appearing. The plaintiff's wife had died several years before, and since his retirement from the police force he has lived with friends a considerable portion of the time, but made his home with his son, the defendant. and, while living with him, paid for his board the same as any other person would have done. The plaintiff also had two daughters,—one a Mrs. Hobern, who resided in Chicago, and a Mrs. Laughlin, who resided with a Catholic priest named Rengel, who was a personal friend and the spiritual adviser of the plaintiff. Immediately prior to the 21st of March, 1900, the plaintiff was residing with the defendants at the home of his son, and, so far as appears, their relations were most friendly and cor-